JOURNAL ENTRY AND OPINION
Defendant-appellant Preston Hayes appeals from his conviction following a jury trial for burglary (R.C. 2911.12) with a subsequent stipulation of notice of prior conviction (R.C. 2929.13(F)(6)). Defendant contends that his sentence of five years incarceration was excessive for the burglary felony of the second degree. We find no error in sentencing and affirm.
On March 29, 1999, at approximately 7:10 p.m., Walter Gomula arrived at his home at 2068 West Boulevard in Cleveland to find he had been burglarized and the glass in his back door was smashed in and strewn about the floor. When police arrived, they discovered that a VCR, worth between $100.00 and $140.00 had been taken from the bedroom. The Scientific Investigation Unit (SIU) was called in.
SIU responded to the scene and dusted for fingerprints at the point of entry, the back door, and the bedroom. Numerous fingerprints were found at the point of entry. After comparing a candidate list of potential matches from the Automated Fingerprinting Identification System (AFIS), SIU found that seven of the fingerprints matched those of the defendant, Preston Hayes. The owner's testimony revealed that he did not know the defendant and defendant had no right to be in Gomula's home.
Following the jury verdict, defendant was sentenced on December 8, 1999. At his sentencing the notice of prior conviction was stipulated. In addition to the notice of prior conviction (a robbery conviction from 1975), the prosecutor informed the court that the defendant had a thirty-year criminal record, extending back to 1969 and that he was currently on parole for three breaking and entering offenses. The court sentenced defendant to five years in prison and this timely appeal ensued.
Defendant's sole assignment of error states:
 I. THE TRIAL COURT ERRED BY IMPOSING A FIVE-YEAR SENTENCE ON THIS DEFENDANT, AS THE RECORD DOES NOT SUPPORT THE SENTENCE.
The defendant claims an appeal of right under R.C. 2953.08(A)(4), alleging that his sentence was contrary to law. He claims the record does not support the sentence of five years and that he should have received the minimum sentence of two years.
In support of the proposition that he should not have received a five-year sentence, defendant argues that none of the factors under R.C.2929.12(B) which indicate whether the offender's conduct was more serious, were met. We agree that defendant does not meet the factors under R.C. 2929.12(B). However, R.C. 2929.12(A) grants discretion to the trial court to determine the most effective sentence, utilizing the factors in divisions (B), (C), (D) and (E), unless otherwise required by section 2929.13 or 2929.14. Defendant does not reference or discuss R.C.2929.13 and 2929.14 or the factors in 2929.12(D).
In the present case, defendant was convicted of a felony of the second degree and stipulated to a notice of prior conviction. With notice of prior conviction, the burglary offense carries a mandatory term of incarceration under R.C. 2929.13(F)(6). Thus, under 2929.14(A)(2), the defendant must serve a prison term of two, three, four, five, six, seven, or eight years. Community control sanctions are not an option.
Pursuant to R.C. 2929.14(B), the court is required to impose the shortest prison term, unless the court finds that it would demean the seriousness of the offense or not adequately protect the public from future crime. However, this requirement only applies if the offender has not previously served a prison term. R.C. 2929.14(B). Since the defendant was on parole for three separate breaking and entering offenses, he obviously has served a previous prison term or terms, and therefore, this shortest prison term language did not apply to this defendant.
Under R.C. 2929.13(A):
 Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.
In this case, the trial court was lawfully allowed to choose any term of incarceration for a felony of the second degree. Additionally, if the factors listed in R.C. 2929.12(D) regarding recidivism are analyzed, the defendant committed this burglary offense while on parole for committing a similar type of offense. Furthermore, he has a long history of prior criminal convictions and he has obviously not responded well to sanctions previously imposed for criminal convictions, having a criminal record dating back to 1969. The defendant is a likely candidate to commit future crimes.
Under R.C. 2929.19(B)(2), the court is required to make a finding and give reasons for selecting the sentence imposed under five circumstances. None of those five listed circumstances are applicable to the defendant in this case. Therefore, the court was not required to state its reasons in this case for imposing the five-year term of incarceration. Since this defendant was a prior offender and had served a previous prison term, the court was at liberty in its sound discretion to choose any of the possible sentences for a felony of the second degree. Only if the court imposed the maximum prison term would it be required to state its reasons. R.C. 2929.19(B)(2)(d). The defendant was given less than the maximum sentence.
Defendant's sole assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
PATTON, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________ JAMES M. PORTER, JUDGE